14 CV 1507

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X

AHMAD PERKINS,

                            Plaintiff,    **COMPLAINT**

    -against-

THE CITY OF NEW YORK; WARDEN JOHN/JANE
DOE # 1; CAPTAIN DeSOUSA; CAPTAIN
RUDOLPH; SUPERVISOR C.O. JOHN/JANE DOE #
1-2; C.O. STUART, Shield #4650; C.O. SAN    **Jury Trial Demanded**
MARTIN, Shield #17157; C.O. FORTICH,
Shield #13285 and C.O. JOHN/JANE DOES #
1-8 the individual defendant(s) sued
individually and in their official
capacities,

                            Defendants.

------------------------------------------- X

**PRELIMINARY STATEMENT**

    1.   This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. §§ 1983 and 1988 and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff's claims arise from an incident that arose on or about December 7, 2012. During the incident, the City of New York, and members of the New York City Department of Correction ("DOC") subjected plaintiff to, among other things, excessive force, failure to protect, deliberate indifference, denial of medical care, conspiracy, assault, battery, negligence, intentional and negligent infliction of emotional distress, negligent hiring, supervision, training,

retention, and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

### JURISDICTION & VENUE

2.  This action is brought pursuant to 42 U.S.C. § 1983, and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.  Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. Plaintiff's notice of claim was duly filed on defendant City of New York within 90 days of the incident at issue. More than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiff's claims. Moreover, this action has been filed within one year and 90 days of the incident that is the basis of this claim. Plaintiff has made himself available for the 50-H hearing and will continue to do so.

4.  Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Bronx County,

and the City of New York is subject to personal jurisdiction in the Southern District of New York.

**PARTIES**

5. Plaintiff Ahmad Perkins is a resident of the State of New York, Kings County.

6. At all times referred to herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. At all times alleged herein, defendant City of New York was the employer of the individual defendants, and was responsible for the policies, practices and customs of the DOC, and maintained and operated the George Motchan Detention Center ("GMDC"), located at Rikers Island, East Elmhurst, New York.

8. At all times alleged herein, defendant Warden John/Jane Doe # 1 was a New York City Correction Officer employed at GMDC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

9. At all times alleged herein, defendant Supervisor Correction Officer John/Jane Doe # 1-2 were New York City Correction Officers employed at GMDC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

10. At all times alleged herein, defendants Captain Desousa; Captain Rudolph; C.O. Stuart, Shield #4650; C.O. San Martin, Shield #17157; C.O. Fortich, Shield #13285 And C.O. John/Jane Does # 1-8 were New York City Correction Officers employed at GMDC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

11. The individual defendant correction and correction officers are sued in their individual and official capacities.

## STATEMENT OF FACTS

12. On or about December 7, 2012, at George M. Motchan Detention Center, located at Rikers Island, East Elmhurst, New York, correction officers and supervisors, including upon information and belief, defendants Warden John/Jane Doe # 1, Supervisor John/Jane Does # 1-2, Captain Desousa; Captain Rudolph C.O. Stuart, Shield #4650; C.O. San Martin, Shield #17157; C.O. Fortich, Shield #13285 And C.O. John/Jane Does # 1-8, at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiff.

13. On or about December 7, 2012, a search was being held in the "Three Upper" Dorm in GMDC.

14. Plaintiff and other detainees from the "A" side of the Three Upper Dorm were called into the bathroom and strip-searched.

15. Plaintiff returned from the search and C.O. San Martin confiscated his sneakers.

16. C.O. San Martin was extremely verbally abusive to plaintiff and told him: He was a fake gangster and a punk, and laughed at him.

17. As C.O. San Martin, was walking away from plaintiff, another inmate shouted an insult at C.O. San Martin.

18. Without cause, C.O. San Martin came at plaintiff with C.O. Stuart, Captain Desousa and Captain Rudolph and other corrections officers and surrounded him, grabbed him and took him outside the dorm into an area between the "A" and "B" gates.

19. C.O. San Martin then punched plaintiff in his face, and the other correction officers held plaintiff and beat him, kicked him, punched him, and hit him with a baton and sprayed him with a chemical agent.

20. When the attack was over the correction officers prepared false reports stating that plaintiff had committed various infractions, and that plaintiff had physically assaulted staff members.

21. The aforesaid events are not an isolated incident. Defendants City of New York, Warden John/Jane Doe #

5

1, Supervisor John/Jane Does # 1-2, have been aware (from lawsuits, notices of claim and complaints) that many of the DOC's officers are insufficiently trained on the proper way to protect detainees, provide medical care, interact with detainees, and how not to act with deliberate indifference. Defendants City of New York, Warden John/Jane Doe # 1, Supervisor John/Jane Does # 1-2 are further aware that such improper conduct and training has often resulted in a deprivation of civil rights. Despite such notice, defendants City of New York, Warden John/Jane Doe # 1, Supervisor John/Jane Does # 1-2 have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

22. Moreover, defendants City of New York, Warden John/Jane Doe # 1, Supervisor John/Jane Does # 1-2 were aware prior to the incident that the C.O. Stuart, Shield # 4650; C.O. San Martin, Shield # 17157; C.O. Fortich, Shield #13285 and C.O. John/Jane Does # 1-8 lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, defendants City of New York, Warden John/Jane Doe # 1, Supervisor John/Jane Does # 1-2 have retained these officers, and failed to adequately train and supervise them.

23. At all times defendant City of New York by the DOC, and its agents, servants and/or employees, negligently, carelessly, and recklessly trained the individual defendants for the position of correction or correction officers.

24. At all times defendant City of New York by the DOC, and its agents, servants and/or employees, negligently, carelessly, and recklessly supervised, controlled, managed, maintained, and inspected the activities of the individual defendants.

25. At all times defendant City of New York by the DOC, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

26. At all times defendant City of New York by the DOC, and its agents, servants and/or employees negligently, carelessly, and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

27. The occurrence(s) and injuries sustained by plaintiff, were caused solely by, and as a result of the negligent, malicious, reckless, and/or intentional conduct of

defendant City of New York, and the DOC, and its agents, servants and/or employees, as set forth above, without provocation on the part of the plaintiff contributing thereto, specifically, the reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained the individual defendants.

28. At no time did plaintiff unlawfully resist or assault any detainee or officer at any time during the above incident.

29. Plaintiff did not engage in prohibited, suspicious, unlawful, or criminal activity prior to or during the above incident.

30. The individual defendants did not observe plaintiff engage in prohibited, suspicious, unlawful, or criminal conduct at any time prior to or during the above incident.

31. At no time prior, during, or after the above incident were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in prohibited, suspicious, unlawful or criminal conduct.

32. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

33. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

34. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

### FIRST CLAIM

### (EXCESSIVE FORCE)

35. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

36. The individual defendants' failure to protect and intervene was objectively unreasonable.

37. Accordingly, defendants are liable to plaintiff, pursuant to 42 U.S.C. § 1983; and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

### SECOND CLAIM

### (42 U.S.C. § 1983 CONSPIRACY)

38. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

39.  Defendants are liable to plaintiff because they agreed to act in concert, with each other, to inflict unconstitutional injuries; and committed overt acts done in furtherance of that goal causing damage to plaintiff.

### THIRD CLAIM
### (ASSAULT)

40.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

41.  Among other things as described above, excessive use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

42.  Accordingly, defendants are liable to plaintiff under New York State law for assault.

### FOURTH CLAIM
### (BATTERY)

43.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

44.  Among other things as described above, defendants' failure to protect and excessive use against plaintiff were illegal physical contacts.

45.  Accordingly, defendants are liable to plaintiff under New York State law for battery.

### FIFTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, SUPERVISION, MONITORING, TRAINING AND RETENTION OF UNFIT EMPLOYEES)

46. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

47. Defendant City of New York is liable to the plaintiff because the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the DOC, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained its correction officers.

### SIXTH CLAIM

### (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

48. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

49. That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiff.

50. The defendants' actions against plaintiff were extreme and outrageous and caused plaintiff severe emotional distress.

51. The defendants breached a duty owed to the plaintiff that either unreasonably endangered plaintiff's physical safety, or caused the plaintiff to fear for his own safety.

### SEVENTH CLAIM

#### (NEGLIGENCE)

52. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

53. Defendants are liable to plaintiff because defendants owed plaintiff a cognizable duty of care as a matter of law, and breached that duty.

### EIGHTH CLAIM

#### FAILURE TO INTERVENE

54. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

55. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

56. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of

plaintiff's constitutional rights.

### NINTH CLAIM

### (MONELL CLAIM)

57. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

58. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

59. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

60. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

61. Further, defendant City of New York was aware prior to the incident that the individual defendants (in

continuation of its illegal custom, practice and/or policy) would commit the illegal acts described herein.

62. In addition, the following are municipal policies, practices and customs: (a) acting with deliberate indifference to a risk of serious injury; (b) failing to protect individuals; and (c) covering up misconduct.

## TENTH CLAIM

### (RESPONDEAT SUPERIOR)

63. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

64. The individual defendants were acting within the scope of their employment as New York City Correction Officers when they committed the above described acts against the plaintiff, including failing to protect, assaulting, and battering the plaintiff.

65. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

  c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

  d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: New York, New York
    MARCH 5, 2014

      ADAMS & COMMISSIONG LLP.
      *Attorneys for Plaintiff*
      65 Broadway Suite 715
      New York, NY 10006-2503
      (212) 430-6590
      martin@amcmlaw.com

      */s/ Martin E. Adams*
      MARTIN E. ADAMS, ESQ